## McLaughlin et al. *v.* McLaughlin, Appellant.

*Affidavit of defence—Statement—Parent and child.*

In an action against a parent to recover for the support and maintenance of his infant child, if the statement fails to aver any contract relation, whereby defendant agreed to pay any specific sum, or that the support and maintenance of the child were reasonably worth the amount claimed, or some other sum, it is fatally defective, and defendant is not bound to answer.

In such a case an affidavit of defence is sufficient in which defendant denies that he ever agreed to pay any board for the child, and avers that plaintiffs never demanded any, " but, on the contrary, refused to receive or charge any board," in consequence of which he, recognizing his obligation to them for their kindness, made presents to one of the plaintiffs, far exceeding " the value of the board of said child as charged in the statement filed," and " that, during the time the child was with the plaintiffs he furnished and paid for all of its clothes and other necessaries."

Argued Jan. 8, 1894.  Appeal, No. 335, Jan. T., 1893, by defendant, John A. McLaughlin, from order of C. P. No. 1, Phila. Co., Dec. T., 1892, No. 174, making absolute rule for judgment for want of sufficient affidavit of defence in favor of plaintiffs, Edward McLaughlin et al.  Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.

Rule for judgment for want of sufficient affidavit of defence in assumpsit for support and maintenance of infant.

Plaintiffs' statement was as follows :

" The plaintiffs seek to recover the sum of six hundred and sixty-four dollars with interest from Oct. 28, 1892, said sum being due and owing plaintiffs by the defendant for the support and maintenance of George B. McLaughlin, infant son of the defendant aforesaid.

" The said infant, at the request and instance of the defendant, was received into the home of the plaintiffs on March 10, 1889, and there nursed, boarded and maintained by the said plaintiffs, to wit, from March 10, 1889, until Oct. 28, 1892, when, at the request and demand of the defendant, said child was delivered to him.  The said six hundred and sixty-four dollars is estimated by charging the price and sum of three

and one half dollars per week for a period of one hundred and eighty-nine weeks and five days, being the time said infant was in charge of the said plaintiffs.

" The plaintiffs further say, that no part of said sum has ever been paid them for or on account of said claim, but that the whole of the same is now due and owing them by the defendant."

The affidavit of defence averred: " that the plaintiffs therein are Edward McLaughlin and Mary McLaughlin, that said Mary is the wife of Edward McLaughlin and the sister of deponent's wife, who died some four years ago, that the claim in this case is for the board of deponent's minor child, now about five years of age, that when deponent's wife died, said Mary McLaughlin offered to take said child and care for it, and deponent allowed her to have it until about the twenty-eighth day of October, 1892, when, upon a writ of habeas corpus being issued by deponent, she was compelled to surrender the said child to him, that deponent never contracted or agreed to pay any board for said child, neither did plaintiffs ever demand any board for said child, but, on the contrary, refused to receive or charge any board; in consequence thereof, deponent, considering that he was indebted to plaintiffs for their kindness, made Mary McLaughlin presents, etc., far exceeding, as deponent believes, the value of the board of said child as charged in the statement filed. Deponent further says that during the time the child was with plaintiffs he furnished and paid for all of its clothes and other necessaries."

" That the charges made, if proper claims against him, are excessive and entirely out of proportion. That plaintiffs are not entitled to a judgment for want of an affidavit of defence, as the claim entirely is upon a quantum meruit, and not upon a contract or promise to pay a certain amount, all of which deponent believes and expects to be able to prove upon the trial of the cause."

Rule for judgment absolute. Defendants appealed.

*Error assigned* was above order.

*Charles H. Downing,* for appellant, cited Miller's Ap., 100 Pa. 569; Duffey v. Duffey, 44 Pa. 399; Chilcott v. Trimble, 13 Barb. 502; Eitel v. Walter, 2 Bradford, 287.

*Amos H. Evans, Robert J. Wright* with him, for appellee, cited : Chain v. Hart, 140 Pa. 376 ; Class v. Kingsley, 142 Pa. 637 ; Peck v. Jones, 70 Pa. 83; Erie v. Butler, 120 Pa. 374 ; Griel v. Buckius, 114 Pa. 187 ; Thompson v. Dorsey, 4 Md. Ch. 149; 17 A. & E. Enc. L., p. 348; Smith v. Milligan, 43 Pa. 107 ; Horton's Ap., 94 Pa. 62; Goetschins v. Hunt, 5 N. Y. Supp. 307.

OPINION BY MR. CHIEF JUSTICE STERRETT, Jan. 22, 1894 :

This suit was brought to recover six hundred and sixty-four dollars and interest, alleged to be "due and owing" to the plaintiffs "for the support and maintenance of George B. Mc-Laughlin," defendant's infant son. It is not averred in the statement that there was any express contract for the boarding, maintenance, etc., of the child, nor is it averred that said services, etc., were reasonably worth the sum per week claimed therefor. The averment is : " The said six hundred and sixty-four dollars is estimated by charging the price and sum of three and a half dollars per week for a period of one hundred and eighty-nine weeks and five days, being the time said infant was in charge of the said plaintiffs." This cannot be regarded as an averment that " the support and maintenance " of the infant were reasonably worth the amount claimed therefor. The statement is therefore defective, in that it does not sufficiently set forth a good cause of action. In the absence of any averment of contract relation, whereby the defendant agreed to pay any specific sum, or that the " support and maintenance " of his infant child were reasonably worth the amount claimed, or some other sum, the defendant was not bound to answer.

But, assuming that he was, we think his affidavit of defence is quite sufficient to carry the case to the jury. After denying that he ever " contracted or agreed to pay any board for said child," the defendant avers that plaintiffs never demanded any, " but, on the contrary, refused to receive or charge any board," in consequence of which he, recognizing his obligation to them for their kindness, etc., made presents, etc., to Mary McLaughlin, one of the plaintiffs, far exceeding " the value of the board of said child as charged in the statement filed." He further avers " that, during the time the child was with the plaintiffs he furnished and paid for all of its clothes and other neces-

saries." Further comment is unnecessary. We think the learned court erred in entering judgment for want of a sufficient affidavit of defence.

Judgment reversed and a procedendo awarded.